No. 14772

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

ROBERT F. DOWNS,

Plaintiff and Respondent,

-vs-

BERNARD SMYK, a/k/a BERNARD L. SMYK,
and LOIS SMYK,

Defendants and Appellants.

Appeal from: District Court of the Thirteenth Judicial Dist-
rict, Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

Bernard and Lois Smyk, Billings, Montana

For Respondent:

Calvin A. Calton, Billings, Montana

Submitted on Briefs: October 18, 1979

Decided: DEC 21 1979

Filed: DEC 21 1979

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an action to quiet title to certain real property located in Yellowstone County in the District Court of the Thirteenth Judicial District, the Honorable Charles Luedke presiding.

Defendant-appellant, Bernard L. Smyk, leased approximately seven and one-half acres of certain commercially desirable land in Billings, Montana, in 1976. Appellant was given the option to purchase such land by a letter received from his lessor on March 2, 1976. According to the terms of the letter, the option to purchase called for a total purchase price of $300,000 and a down payment of $60,000 and was to be exercised by appellant within 120 days. Unable to make the down payment, appellant contacted plaintiff-respondent, Robert F. Downs, for financial assistance. Respondent agreed to furnish appellant with the $60,000 down payment, and an agreement was executed to that effect in June 1976. That agreement recited that "Robert F. Downs will advance the down payment of $60,000.00 and in consideration therefor will acquire a 50% interest in the property." The agreement also stated:

> "When the proposed contract for deed will permit, the parties hereto agree to execute whatever may be required to establish their respective interests in the real estate of record with the Clerk and Recorder, Yellowstone County, Montana."

Under the agreement, respondent controlled all contractual arrangements concerning the property until appellant contributed, by means of monthly installments, an amount equal to that of the down payment. At that time, both appellant and respondent would share profits and liabilities equally.

Having obtained the down payment, appellant entered into a contract for deed to purchase the property in July 1976. Appellant thereafter occupied the property as his place of business until a dispute arose between the parties over the import of the agreement in connection with a possible sale of the land. The dispute concerned whether respondent had merely loaned appellant the money for the purchase of the land or had entered into an agreement whereby he was conveyed an undivided one-half interest in the land.

As a result of the dispute, respondent filed an action in District Court on February 27, 1978, seeking specific performance of the agreement, a partitioning of the property, and an accounting and payment of rentals. An amended complaint was filed in August 1978, asking the court to quiet title to an undivided one-half interest in the property, partition the property, order an accounting, and issue declaratory judgment as to the right of control for the sale of the property. On August 23, 1978, respondent filed a motion for summary judgment pursuant to Rule 56, M.R.Civ.P. Both parties submitted briefs on the motion and, on February 13, 1979, the court granted summary judgment as to respondent's claim to quiet title and his request for an accounting and payment of income due. Judgment was then entered by the court on February 23, 1979, and final judgment was entered on October 1, 1979.

We consider the following three issues on appeal:

(1) Whether the District Court erred in entering summary judgment because it did not make findings of fact and conclusions of law.

(2) Whether the District Court erred in granting summary judgment because there were genuine issues of material fact before the court.

(3) Whether appellant may introduce, and whether this Court may properly review, evidence which is extraneous to the record on appeal.

As his first issue, appellant contends it was error for the District Court to grant summary judgment and not enter findings of fact and conclusions of law. Appellant maintains that such findings were necessary because they inform the parties and a reviewing court of the basis for the decision. Because no findings were included in the instant case, appellant contends that the District Court erred.

We disagree. Rule 52(a), M.R.Civ.P., provides that findings of fact and conclusions are not required to be entered upon motions filed pursuant to Rule 56, M.R.Civ.P., for summary judgment, except when there is a failure by a plaintiff to prosecute or comply with the rules of the court under Rule 41(b), M.R.Civ.P. Rule 52(a) states in pertinent part that "findings . . . are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

Appellant attempts to rely upon the case of Upper Missouri G&T Elec. Coop. v. McCone Elec. Co-Op (1971), 157 Mont. 239, 484 P.2d 741, for the proposition that such findings are necessary. Upper Missouri was a case in which a District Court of its own volition made findings of fact in granting a motion for summary judgment. The judgment was reversed because the findings were unsupported by the evidence. In that opinion, this Court noted that findings were not required in decisions on motions for summary judgment, but that, if findings were entered and were unsupported by the evidence, the judgment would be reversed:

"While, under Rule 52(a), M.R.Civ.P., findings of fact and conclusions of law are unnecessary in decisions on summary judgment, we find here that an analysis of the findings determines the correctness of the summary judgment involved. As we remarked before, our analysis will often show no evidence--that is the negative." Upper Missouri, 157 Mont. at 244, 484 P.2d at 744.

The motion for summary judgment in this case does not relate to the failure of plaintiff to prosecute or comply with the order of the District Court. Therefore, the District Court did not err in granting summary judgment because it did not enter findings of fact and conclusions of law.

Appellant next argues that the District Court erred in granting summary judgment because an issue of material fact was before the court. By statute it is clear that summary judgment is only properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on files, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), M.R.Civ.P.

In a motion for summary judgment, the moving party has the burden of showing that no genuine issue of fact is before the trial court. Where the record clearly shows no issue, the burden shifts, and the opposing party must come forward with substantial evidence raising the issue. Harland v. Anderson (1976), 169 Mont. 447, 450-451, 548 P.2d 613, 615:

"The Court has consistently held that the party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitle him to a judgment as a matter of law . . .

"The primary policy and general purpose underlying Rule 56, M.R.Civ.P., is to encourage judi-

-5-

cial economy through the prompt elimination of
questions not deserving of resolution by trial.
[Citation omitted.]  Thus while the initial bur-
den of proof must attach to the movant, that
burden shifts where the record discloses no
genuine issue of material fact.  Under these
circumstances, the party opposing the motion must
come forward with substantial evidence raising
the issue.  [Citations omitted.]"

Here, respondent filed a motion for summary judgment
and thus had the burden of establishing the absence of any
material issue of fact.  Respondent attempted to carry this
burden by arguing in his brief to the trial court that the
record was clear and devoid of any genuine issue of material
fact.  Appellant argued, however, that the record was ambigu-
ous and that a material issue of fact was before the court.
That issue was whether respondent, under the terms of the
agreement between appellant and respondent, obtained any
interest in the property by advancing money and, if so, when
he obtained such interest.  On the one hand, appellant
argued that respondent did not obtain any interest in the
property because the money was advanced as a loan.  On the
other hand, appellant argued that respondent, by the terms
of the agreement, obtained only a future interest in the
land.  The trial court was faced with, as we are, looking to
the record to determine the existence of any genuine issue
of material fact.

Appellant relies heavily on the terms of the contract
for one of his arguments.  Appellant emphasizes that, ac-
cording to the terms of the contract, respondent obtained
his interest in the property only "when the proposed con-
tract for deed will permit . . ."  Therefore, appellant
contends that respondent acquired only a future interest in
the land.

According to the rules of construction, a contract is to be interpreted so as to give effect to the mutual intention of the parties. Section 28-3-301, MCA. Where the language of a contract is clear and explicit and does not involve an absurdity, the interpretation of a contract is governed by such language. Section 28-3-401, MCA. The whole of the contract is to be taken together so as to give effect to every part if reasonably practicable, each clause helping to interpret the other. Section 28-3-202, MCA.

> "It is well established that a court, in interpreting a written instrument, will not isolate certain phrases of that instrument in order to garner the intent of the parties, but will grasp the instrument by its four corners and in light of the entire instrument, ascertain the paramount and guiding intention of the parties. Mere isolated tracts, clauses and words will not be allowed to prevail over the general language utilized in the instrument." Steen v. Rustad (1957), 132 Mont. 96, 102, 313 P.2d 1014, 1018.

Appellant's argument is predicated on an isolated phrase of the contract, which is taken out of context and omits the remaining part of the sentence. The sentence in its entirety is:

> "When the proposed contract for deed will permit, the parties hereto agree to execute whatever may be required to establish their respective interests in the real estate of record with the Clerk and Recorder, Yellowstone County, Montana."

Viewed in its entirety, the provision takes on new meaning. The clause, by its very terms, indicates that respondent received a present interest in the land which was to be recorded at a future date. That this is clearly the intention of the parties is further evidenced by other provisions of the agreement:

> "Robert F. Downs will advance the down payment of $60,000.00 and in consideration therefor will acquire a 50% interest in the property.

-7-

" . . .

> "Downs will control any contractual arrangements until Smyk has contributed, by payment of monthly installments, the sum of $60,000.00. At that time, Downs and Smyk shall equally share all liabilities and profits, if any."

Appellant again relies heavily on an isolated phrase for the argument that respondent obtained no interest in the land because the money advanced by respondent was merely a loan. That phrase is found in respondent's deposition in which respondent states that he "lend[ed] the money to him [appellant]." In evaluating appellant's argument, it is first important to note that the answer was given by respondent only after his counsel voiced two objections as to form. Secondly, it is also important to examine other portions of the deposition. There, it is established that the answer is taken out of context and that respondent never considered the transaction a loan:

> "Q. Now, I notice in Paragraph 3 of the agreement that it states, 'Robert F. Downs will advance the down payment of $60,000.00 and in consideration therefor will acquire a 50% interest in the property.' Now, when were you supposed to acquire the 50% interest in the property? A. Well, I had 50% when I give the $60,000 down.

> " . . .

> "Q. Are you the owner of this property? A. I'm half owner.

> "Q. Where does Mr. Carlson fit into this? A. I'm half buyer. I'll correct my statement."

We need not look to the deposition, however, to determine whether the money was advanced by respondent for a down payment or as a loan. The agreement itself reveals the answer. The contract describes the money as a down payment, not as a loan. Nowhere in the contract is there made mention of a loan, or a provision for repayment of a loan, or a

-8-

provision regarding interest on the $60,000. Rather, the contract states that in consideration for the down payment, respondent will acquire a 50% interest in the property. Further, there is a provision which indicates that the parties will equally share profits and liabilities when appellant has contributed an amount equal to the down payment. Without question, there is a clear and definite intent of the parties to share 50-50 in the ownership, liabilities, and income of the properties.

We find, therefore, that the District Court did not err in granting summary judgment to respondent. There was no genuine issue of material fact in the record before the court. It is clear from the face of the contract that respondent obtained a one-half interest in the property upon furnishing the down payment, such interest to be recorded when the contract for deed permitted. Appellant failed to come forward with substantial evidence of the existence of a genuine issue of material fact. As this Court stated in Yecny v. Day (1977), ___ Mont. ___, 571 P.2d 386, 388, 34 St.Rep. 1323, 1325:

> ". . . the party opposing the motion must present facts in proper form--conclusions of law will not suffice; and the opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious." (Citations omitted.)

The final issue concerns whether appellant may introduce, and whether this Court may properly consider, evidence which is extraneous to the record on appeal. Appellant begs this Court, in considering the propriety of the summary judgment, to examine a deposition given by respondent in a dissolution and property settlement proceeding previously decided by this Court. That deposition, however, was

neither introduced into evidence nor considered by the trial court in this matter.

It is a well-settled principle that this Court is confined in equity cases to a consideration of evidence presented in the record. Section 3-2-204(5), MCA, states in pertinent part:

> "In equity cases and in matters and proceedings of an equitable nature, the supreme court shall review all questions of fact arising upon the evidence presented in the record . . ." (Emphasis added.)

We have previously refused to consider attempts by litigants to introduce testimony extraneous to the record. In Montgomery v. First National Bank (1943), 114 Mont. 395, 412, 136 P.2d 760, 768, we stated:

> "Reference has been made to certain testimony given at the trial in Montgomery v. Gilbert. Section 9745, Revised Codes, provides what constitutes the record on appeal from an order in probate. The testimony in the prior litigation is not part of the present record. Although we do not see wherein it has any bearing on the issues presented by respondents' petition to sell and appellants' objections thereto, nevertheless, if it has, we may not look to that testimony for the purpose of supplying facts not presented in the record for review in the present proceeding." (Citations omitted.) (Emphasis added.)

In Farmers State Bank of Conrad v. Iverson (1973), 162 Mont. 130, 133-134, 509 P.2d 839, 841, we also stated:

> "In addition we must comment on the 'back door' attempt by petitioners and appellants to introduce extraneous evidence in these proceedings by attaching Appendix 'A', 'B', and 'C' to their brief on appeal. Said appendices being affidavits of Ralph Bouma, to which are attached photostatic copies of certain citations and orders in causes 8073 and 8221, Pondera County, referred to previously.
>
> "We strongly condemn this practice by counsel for appellants and use this occasion to warn other parties to future appeals that this practice will not be tolerated."

We find, therefore, that we may not consider evidence which is extraneous to the record on this appeal.

Accordingly, the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate in this case.