No. 84-02

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

ROBERT F. DOWNS,

       Plaintiff and Respondent,

  -vs-

BERNARD SMYK, a/k/a BERNARD L.
SMYK, and LOIS A. SMYK,

       Defendants and Appellants.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

     Jackson Law Firm, Helena, Montana

     For Respondent:

     Calton and Hamman, Billings, Montana

_____

Submitted on Briefs: March 23, 1984

Decided: July 26, 1984

Filed:

_____
Ethel M. Harrison
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Bernard L. Smyk, appeals an order of the Yellowstone County District Court dismissing his petition to disqualify Judge Charles Luedke for cause. We affirm and remand this cause to the jurisdiction of Judge Luedke.

The sole issue is whether there is substantial evidence to support the findings and conclusions of the trial court that Judge Luedke is not biased or prejudiced against Smyk, therefore making it proper to dismiss Smyk's petition for disqualification.

Plaintiff, Robert Downs, sued Smyk for specific performance of an agreement between the parties concerning a parcel of real property. Pursuant to the agreement, Downs made the downpayment of $60,000 and was to "control any contractual negotiations until [Smyk] has contributed" an equal investment. Downs later received an offer to buy the property at a price well above what he and Smyk had paid, but Smyk refused to sell. The dispute centers on the interpretation of the above-quoted contractual language--e.g., whether it gives Downs the right to sell. The case was assigned to Judge Luedke.

One year later, Judge Luedke partially granted Downs' motion for summary judgment, giving Downs an undivided one-half interest in the real property in question, and accounting of all rents and profits. Smyk appealed from that judgment and it was affirmed and remanded in Downs v. Smyk (1979), 185 Mont. 16, 604 P.2d 307. After remand and further discovery, Judge Luedke granted Downs' second motion for summary judgment to allow Downs the right to sell the real

property in question, and also ruled that Smyk had no right to a jury trial. Smyk appealed again.

While his second appeal was pending, Smyk filed an action against Judge Luedke and Downs in federal court, claiming he had been denied his constitutional right to a jury trial when Judge Luedke entered summary judgment against him. The defendants moved for dismissal or summary judgment based on res judicata. Smyk later moved for voluntary dismissal, but Downs contested it because he felt the suit had been filed in bad faith, and he demanded attorney fees. The federal district court granted the defendants' motion to dismiss and granted attorney fees to Downs as he was the only defendant to make an appearance and request attorney fees. Smyk's appeal to the Ninth Circuit was dismissed.

On Smyk's second state court appeal, this Court held that the trial court acted properly in denying the jury trial and in giving Downs control over contract negotiations for one year, but reversed the summary judgment, holding that there existed a question of fact whether the contract gave Downs a right to sell the parcel. Downs v. Smyk (Mont. 1982), 651 P.2d 1238. The case was sent back to Judge Luedke's court for trial on that issue.

Downs then petitioned this Court for a rehearing, and while the petition was pending, Smyk moved for substitution of judge in the District Court under section 3-1-802, MCA. Downs objected and petitioned this Court for a writ of supervisory control. This Court found Smyk's substitution to be improper, because a sitting judge cannot be removed while the Supreme Court still has before it a petition for rehearing. State ex rel. Downs v. District Court (Cause No. 82-482), Montana Supreme Court Order dated December 28, 1982.

Smyk subsequently moved by affidavit to disqualify Judge Luedke for cause pursuant to section 3-1-802, MCA. The disqualification hearing was held on August 2, 1983, before Judge Roy C. Rodeghiero. Judge Rodeghiero entered findings and conclusions that Judge Luedke was not biased or prejudiced for purposes of section 3-1-802, MCA, and dismissed Smyk's petition.

Smyk presents three factual bases for his contention that Judge Luedke is biased and prejudiced, none of which have any merit. First, that Judge Luedke is biased and prejudiced as evidenced by his rulings against Smyk. But, the jury trial ruling was legally correct, as was the first ruling for summary judgment. Even though the second summary judgment ruling was partially reversed, that in no way shows that Judge Luedke was biased against Smyk. Second, Smyk contends that because he campaigned overtly against Judge Luedke, the judge must be prejudiced against him. However, Judge Luedke testified that he did not even know Smyk had campaigned against him until Smyk said so in court. Third, Smyk maintains that because he and Judge Luedke were adversaries in the federal court action, and because Downs and Judge Luedke "were represented by the same attorney" in that action, that is clear bias and a conflict of interest. In the federal action, however, Judge Luedke was only a nominal defendant, and never made an appearance. At no time was he represented by Downs' attorney, he simply joined Downs in his motion for dismissal of that action. It should be noted that attorney fees were awarded to Downs alone.

Smyk also relies on two statutes to support his position, but the statutes do not apply to this case. He first argues that under section 3-1-802, a judge may not sit

on a case ". . . when he rendered or made the judgment, order, or decision appealed." However, section 3-1-802 applies to trial court judges substituting for appellate justices. It has no application here. Second, Smyk argues by analogy that Judge Luedke could not sit as a juror (under section 46-16-304(2)(c), MCA, because he was an "adversary" in the federal case, and he therefore cannot sit as a judge. Judge Luedke's nominal participation in that case has been discussed and, further, disqualification of judges for cause is controlled by section 3-1-802, MCA, and not by other code sections by analogy.

Section 3-1-802, MCA, was not intended to reach situations where, as here, a party litigant seeks to disqualify a trial judge on the basis of the party's own unilateral actions. Smyk's "overt" campaigning against Judge Luedke and Smyk's subsequent federal action fall far short of establishing bias or prejudice on the part of Judge Luedke. Smyk's other contentions are equally without merit.

The order of the trial court dismissing Smyk's petition for disqualification is affirmed, and this cause is remanded for trial to the jurisdiction of Judge Charles Luedke.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 5 -