No. 88-06

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF
GERALD E. HUGHES,

        Petitioner and Appellant,

   and

AUDREY ANN HUGHES,

        Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Ninth Judicial District,
              In and for the County of Glacier,
              The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Randy K. Dix, Helena, Montana

    For Respondent:

        Marc G. Buyske; Anderson, Beatty & Lee, Shelby,
        Montana

_____

Submitted on Briefs: Feb. 9, 1989

Decided: March 21, 1989

Filed:

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Hughes appeals from an Order of Clarification issued by the District Court for the Ninth Judicial District, Glacier County, following a judgment entered in the parties' divorce proceedings before that court. We reverse and remand for further proceedings.

The issue presented for our review is whether the District Court erred in granting Mrs. Hughes permanent maintenance in its Order for Clarification.

The parties had been married for 25 years when they separated in April of 1982. The marriage was dissolved in 1986. Three children were born of the marriage, all of whom were emancipated at the time of the divorce proceedings.

During the marriage, Mrs. Hughes was not, for the most part, employed outside the home. She raised the children and served as homemaker in the various locations in which the family lived while Mr. Hughes pursued his career as a military officer with the United States Air Force. Mr. Hughes served fourteen of his active duty years in the United Kingdom primarily because Mrs. Hughes was a British citizen and preferred to live in England. After 23 years of active service, Mr. Hughes retired in 1978, having attained the rank of major.

Following Mr. Hughes' retirement, the parties remained in Scotland. Mr. Hughes sold automobiles and Mrs. Hughes began working as a social worker for the local government. In 1982, Mr. Hughes moved to the United States to pursue a second career in hospital administration. Mrs. Hughes chose not to accompany her husband. She remained in the family residence in Scotland and continued her employment as a social worker.

Upon his return to the United States, Mr. Hughes worked as a hospital administrator in Ekalaka, Montana, then in Cut Bank, and finally in Helena, Montana. While in the United States, Mr. Hughes continued to support his family by depositing his entire Air Force pension check in a bank account in Scotland along with other monies from his hospital employment. That assistance continued until November of 1986 when the parties' youngest child reached the age of majority. That same month, the marriage was dissolved by the Glacier County District Court and the court ordered Mr. Hughes to keep current all of the mortgage payments, taxes, and insurance associated with the Scotland residence.

In January of 1987, Mr. Hughes was ordered to pay $300 per month temporary maintenance "until the final determination of this matter, either by Court Order or by mutually agreed upon settlement." A final hearing was held on March 23, 1987, and the trial court issued its Findings of Fact and Conclusions of Law dated July 31, 1987. Pursuant to that judgment, Mrs. Hughes was awarded the family residence in Scotland, "40% of the Air Force pension and all personal effects and furnishings in Scotland." She was to assume all debt incurred in Scotland. Mr. Hughes was awarded "60% of the Air Force pension, the retirement funds associated with his hospital employment, and his personal effects." He was to assume all debts incurred in the United States.

On July 29, 1987, Mrs. Hughes filed a timely motion requesting clarification of the court's order concerning the Air Force pension award. Specifically, she requested that the court clarify whether it intended her to receive 40% of the lump sum present value of the pension, or whether she was entitled to receive 40% of some monthly payment due to Mr. Hughes. The court issued its Order of Clarification on

3

August 28, 1987, which is the subject of this appeal. In that order, the District Court stated:

> The Court has the authority to make the following changes to its Order of July 31, 1987. Such changes are not corrections of substantial judicial error; rather they are merely attempting to specifically state the result this Court intended to achieve by its July 31, 1987 decision. The Court can make such changes under the authority of Rule 60(a), M.R.Civ.P. (Citations omitted.) Moreover, Respondent's motion to clarify can be easily construed by this Court to be a timely motion under Rule 60(b), MRCP, and the Court finds sufficient reasons to justify clarifying its July 31, 1987 order, specifically, the potential problem created by using the phrase "40% of the Air Force pension" vis a vis 10 U.S.C. 1408, and 32 C.F.R. § 63 (statute and regulations defining when and to what extent the military will make direct payments to a former spouse from a military pension); the potential problem of finding a present value of an asset and then intending the former spouse to receive, in effect, a maintenance payment.

The Court then ordered that the marital assets and liabilities be divided as follows:

To Audrey Hughes:

Assets:    (1)  residence in Tayport, Scotland
           (2)  all household furnishings and
                effects located in Scotland.

Liabilities:   (1)  all debts of the marriage in
                    Scotland

To Gerald Hughes:

Assets:    (1)  U.S. Air Force pension
           (2)  PERS pension
           (3)  personal effects
           (4)  Cadillac automobile

Liabilities:   all debts of the marriage in the
               U.S.

4

Additionally, the Court awards to Audrey Hughes maintenance, payable monthly in the manner specified below, in an amount equal to $650.00 per month, or 40% of the disposable retired pay of Petitioner from his U.S. Air Force pension, whichever is greater.

On appeal, Mr. Hughes contends that the District Court had no authority to change what was originally contemplated as a property settlement to a maintenance award in the Order of Clarification because such relief was not requested by either party and because no findings were made to support such an award as required by statute. Both parties admit that an award of maintenance was not specifically requested, although Mr. Hughes' petition for dissolution requested "such other and further suitable arrangements as (the District Court) may deem just and proper."

Mrs. Hughes argues that the failure to specifically request an award of maintenance does not preclude the District Court from granting such relief as long as it is warranted by the evidence. As authority, Mrs. Hughes cites Rule 54(c), M.R.Civ.P., which states:

. . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

The discretion granted to the District Court in Rule 54(c), however, must be viewed in light of the particular nature of this case. In a dissolution proceeding, the court's power to grant relief is strictly statutory, and statutory guidelines are set forth to determine whether such relief is warranted in any case. Prior to granting an award of maintenance, the court is required to make specific findings under § 40-4-203, MCA:

5

> . . . the court may grant a maintenance order for either spouse <u>only</u> <u>if</u> <u>it</u> <u>finds</u> <u>that</u> <u>the</u> <u>spouse</u> <u>seeking</u> <u>maintenance</u>:
> (a) lacks sufficient property to provide for his reasonable needs; and
> (b) is unable to support himself through appropriate employment . . . (Emphasis supplied.)

Section 40-4-203(1), MCA. We therefore review the District Court's findings and conclusions to determine whether an award of maintenance was justified under § 40-4-203, MCA.

The court found that Mrs. Hughes' take home pay as a social worker was approximately $680 per month, which is somewhat less than the usual wage for a social worker of Mrs. Hughes' experience and qualifications. The court concluded that she has reached her maximum earning capacity, subject to normal yearly salary increases, and that she has no formal training for the position she now holds or any other. The court also concluded that Mrs. Hughes' monthly expenses exceed her monthly income if no consideration is given to the Air Force payments provided by Mr. Hughes during the time he lived in the United States prior to the divorce. Finally, the court concluded that Mrs. Hughes has no assets capable of generating income, and that the only asset located in Scotland, the family residence, is income consuming as it is still subject to a mortgage and to assessments for taxes and insurance. These findings tend to support an award.

However, the District Court made other findings and conclusions which are contradictory and would not tend to support an award of permanent maintenance. Because of Mrs. Hughes' salary, the Scottish economy and standard of living, and the Scottish governmental benefits and military benefits to which she is entitled, the court found that Mrs. Hughes "is able to live somewhat comfortably from her own resources." The court found that the standard of living in Scotland

6

is not as high as in the United States, and that a divorced woman in Scotland would expect to receive a home free of any mortgages plus several years of maintenance to enable her to retrain if she were not employed or had no employment skills. Based on Mrs. Hughes' salary, the court concluded that she is capable of maintaining house payments on a $30,000 mortgage, with associated costs and expenses.

The court also found that any maintenance payments received by Mrs. Hughes could reduce her take home pay because of Scotland's tax structure. If she were not receiving temporary maintenance, the court found that her take home pay could be about $200 per month higher. There are no findings as to how Mrs Hughes' take home pay might be affected by an award of permanent maintenance.

Finally, the court noted the source of many of Mrs. Hughes' expenses. In her claimed living expenses, Mrs. Hughes included the living expenses of the parties' youngest daughter, Christine, who was legally an adult at the time of trial and whom the parties had no obligation to support. The court found that Christine was able-bodied and capable of employment. While she managed a wine shop in Scotland, she did not share or contribute to the expenses incurred in Mrs. Hughes' home. Mrs. Hughes also supported the oldest daughter, Karen, up until the time of her wedding in November, 1986. Karen is involved in equestrian pursuits, and participates in jumping contests and other equestrian competitions which Mrs. Hughes actively supports. The court noted it to be an expensive hobby, and found, "If one follows such a hobby and only has middle-income means, it severely strains the budget. . . She (Mrs. Hughes) will have to, and should be expected to, more realistically approach her lifestyle in order to live within her means."

7

These findings do not establish that Mrs. Hughes is entitled to permanent maintenance under the requirements of § 40-4-203, MCA. We conclude that this case should be remanded for reconsideration by the District Court after the making of new findings which meet the requirements of the statutes.

Mrs. Hughes requested that this Court reinstate temporary maintenance in the event of a remand. We note that the issue of interim maintenance is already before the District Court by way of Mrs. Hughes' motion for enforcement of temporary maintenance orders. In light of her pursuit of an adequate remedy in the lower court, we decline to exercise appellate action in this regard in accordance with State ex rel. Kaasa v. District Court (1978), 177 Mont. 547, 551, 582 P.2d 772, 775. We reverse and remand this case for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice William E. Hunt did not participate in this case.