No. 91-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

IN RE THE MARRIAGE OF

CYNTHIA JO EIDE,

      Petitioner and Respondent,

    v.

CLARENCE A. EIDE, JR.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Sixteeth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Leonard J. Haxby, Attorney at Law, Butte, Montana

      For Respondent:

      J. Dennis Corbin; Brown, Huss & Corbin, Miles City, Montana

FILED

Filed: DEC 3 - 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: October **24, 1991**

Decided: December **3,** 1991

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

The appellant, Clarence Eide, Jr., appeals from the decree of dissolution of his marriage to the respondent, Cynthia Jo Eide, entered in the Sixteenth Judicial District Court, Rosebud County, Montana, which awarded the respondent $400 per month maintenance. We affirm.

The appellant raises the following issues on appeal:

1. Was the District Court's award of maintenance to the wife supported by the evidence?

2. Did the District Court err in awarding maintenance in an amount exceeding the amount requested by the wife in her petition for dissolution of marriage?

Cynthia and Clarence Eide, Jr., were married on December 23, 1967. They separated in March of 1988; the Sixteenth Judicial District Court entered a decree of dissolution on March 28, 1991. The parties have two children who were of legal age at the time of the dissolution. Therefore, the only issues on appeal concern maintenance.

During the marriage, the wife was primarily a homemaker who worked at various jobs. The husband was employed by Montana Power Company during the last nine years of the marriage, earning approximately $40,000 per year at the time of separation.

On July 1, 1988, the wife filed her petition for dissolution of marriage seeking maintenance, an equitable division of the marital property, her attorney's fees, and other equitable relief as the court deemed proper. Shortly thereafter the husband, wife,

2

and their respective attorneys began negotiations to amicably determine the distribution of the marital property. A document drafted by the husband's attorney and titled "Separation, Custody, Support and Property Settlement Agreement" resulted from these negotiations. The husband signed this document on August 12, 1988, and forwarded it to the wife who failed to sign it.

Among other provisions, the document set forth a division of the marital property. The wife was to receive the family home including all liabilities affecting the home (approximately $59,000), $10,000 cash, a vehicle, household goods, and assorted hand tools. The document provided that the husband would receive four vehicles, a motorcycle, a jet boat, various tools, guns, a hangar, an airplane, some Idaho property, his payroll savings, his employee stock shares, credit union stock shares, and the amount in the couple's checking account. The husband was to assume the liabilities associated with these items of approximately $4,745. The document made no reference to maintenance.

After a breakdown in negotiations, the husband's attorney scheduled the dissolution hearing which was held on August 25, 1989. At the hearing, the husband was represented by counsel while the wife was not.

The hearing revealed a great disparity in earning capacity between the husband and the wife. The husband continued to earn between $40,000 and $45,000 per year at Montana Power Company while the wife, employed as a waitress, earned approximately $574 per month (including $74 per month interest income on the cash

settlement the wife received from the husband).  Although the wife failed to sign the Settlement Agreement, the hearing revealed that she agreed to it during the oral negotiations even though she felt it was unfair.  Additionally, at the time of negotiations, the wife agreed not to accept maintenance.  However, when she received the written agreement, circumstances had changed and she no longer felt the terms of the agreement were fair.  Finally, the hearing revealed that the husband had substantially complied with the terms of the agreement.

After hearing the evidence presented by the parties, the court ordered the parties to submit financial statements and took the matter under advisement.  On December 13, 1990, the District Court issued a Memorandum and Order disposing of the case.  The District Court found that the wife lacked sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment.  In addition to adopting the portions of the Settlement Agreement concerning property distribution, the court ordered the husband to pay $400 per month permanent spousal maintenance.  The husband appeals the District Court's award of maintenance to the wife.

I.

Was the District Court's award of maintenance to the wife supported by the evidence?

A district court must engage in a two-tiered analysis when awarding maintenance in a dissolution proceeding.  Maintenance can be awarded after an equitable division of the marital property **has**

4

been established pursuant to § 40-4-202, MCA, and the criteria of § 40-4-203, MCA, have been satisfied. A district court's wide discretion in determining a maintenance award will not be disturbed unless it is clearly erroneous. In re Marriage of Aanenson (1979), 183 Mont. 229, 235, 598 P.2d 1120, 1123. Thus, this Court's function on appeal is limited to a determination of whether the district court's findings are clearly erroneous. Rule 52(a), M.R.Civ.P.; In re Marriage of Luisi (1988), 232 Mont. 243, 248, 756 P.2d 456, 459.

In the case at bar, the parties did not raise the question of whether the property was equitably distributed, nor did they appeal the distribution. Therefore, we limit our review to the issues of maintenance.

In a dissolution proceeding, the court may award maintenance only if the court finds that the spouse seeking maintenance lacks sufficient property to provide for one's reasonable needs and is unable to support oneself through appropriate employment. Section 40-4-203(1), MCA. In this case, the court found that the wife lacked sufficient property to support herself. Apart from the cash settlement, all property the wife received was either income consuming or at least non-income-producing, which contributed to her inability to support herself. The court also found that the wife was unable to support herself through appropriate employment. The wife had no marketable skills because during the 21 years of marriage she primarily cared for the children and the home. Consequently, she was only able to earn minimum wage. These facts

5

are supported by the record and are sufficient to satisfy the first tier of § 40-4-203(1), MCA, supporting the wife's eligibility for maintenance.

After finding the wife was eligible for maintenance, the court engaged in step two of the analysis to determine the amount and duration of maintenance pursuant to § 40-4-203(2), MCA. That section sets forth specific factors which the court must consider in making this determination including:

1. The financial resources of the party seeking maintenance, including the marital property apportioned to that spouse and that spouse's ability to meet his or her own needs independently:

2. the time necessary to acquire sufficient education or training to enable the spouse seeking maintenance to find appropriate employment;

3. the standard of living established during the marriage:

4. the duration of the marriage;

5. the age and physical and emotional condition of the spouse seeking maintenance; and

6. the other spouse's ability to meet his or her own needs while meeting the needs of the spouse seeking maintenance.

The court addressed the above criteria in its Memorandum and Order, dated December 13, 1990, before awarding $400 per month permanent maintenance to the wife. First, the court found a great disparity between the incomes of the parties. With regard to the husband's earning capacity, the court noted that he has been employed by Montana Power Company for a number of years earning an average of $40,000 per year and is expected to continue earning approximately the same amount. With regard to the wife's earning

6

capacity, the court found that, including the interest income from the $10,000 cash settlement, the wife's independent earnings of $574 per month were slightly above the poverty level and insufficient to meet her monthly needs.

After properly considering the other factors of § 40-4-203(2), MCA, the court found that the wife was entitled to $400 per month permanent maintenance because: (1) she would not benefit from job training; (2) with the husband's income and his retirement benefits he would continue to enjoy the standard of living maintained during the marriage while the wife, even with maintenance, would enjoy a substantially lower standard of living; (3) of the long duration of the marriage (approximately 21 years prior to separation); and (4) the husband was able to pay maintenance while meeting his own needs.

In light of the foregoing facts, we find that the District Court's findings were not clearly erroneous. We affirm the judgment of the District Court on this issue.

## II.

Did the District Court err in awarding maintenance in an amount exceeding the amount requested by the wife in her petition for dissolution of marriage?

The husband contends that even if this Court finds that the maintenance award is supported by the evidence, the award is void. The husband's basis for this contention is that the District Court abused its discretion in awarding maintenance in an amount greater than the amount requested by the wife in her petition. We

7

disagree.

The wife contends that although she only requested $300 per month maintenance in her petition, the court was not precluded from granting other appropriate relief if such relief was supported by the record. The wife's request in her petition for "other and further suitable arrangements as the Court may deem just and proper" was a sufficient request to award maintenance in an amount greater than requested by the wife. Further, the wife also cites Rule 54(c), M.R.Civ.P., in support of the court's authority. Rule 54(c), M.R.Civ.P. (1989), provides in part:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

Rule 54(c), M.R.Civ.P., grants the court discretion which must be viewed according to the circumstances of the case. In re Marriage of Hughes (1989), 236 Mont. 427, 430, 770 P.2d 499, 501.

In light of our discussion on the first issue above, the District Court had the power to award maintenance in an amount greater than the wife sought in her petition because such an award was supported by the evidence. Therefore, we hold that the court did not err and the judgment of the District Court on this issue is affirmed.

Justice

8

We concur:

_____
Chief Justice

_____

_____

_____
Justices

December 3, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Leonard J. Haxby
Attorney at Law
P.O. **Box** 3008
Butte, MT  59702-3008

J. Dennis Corbin
Brown, Huss & Corbin
P.O. Box  128
Miles City, MT  59301

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy