No.   91-351

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN THE MATTER OF

RAYMOND W. GEORGE TRUST,
SHIRLEY G. BRAGG, Trustee

FILED

MAY 1 2 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
               In and for the County of Park,
               The Honorable Byron Robb, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Dan Yardley; Yardley & Yardley, Livingston, Montana
            John T. Jones; Moulton, Bellingham, Longo & Mather,
            Billings, Montana.
            Robert Baldwin; Goetz, Madden & Dunn,
            Bozeman, Montana.

        For Respondent:

            Joseph T. Swindlehurst; Huppert & Swindlehurst,
            Livingston, Montana


                        Submitted on Briefs:   March 26, 1992

                                  Decided:   May 12, 1992

Filed:

                                                    Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Shirley Bragg, Trustee of the Raymond W. George Trust (Trustee Bragg) appeals from an order of the Sixth Judicial District, Park County. The District Court denied Trustee Bragg's motion to withdraw her previously granted petition for declaration of right and authority to sell real property held in the trust to Double AA Corporation (Double AA). The court further ordered that Trustee Bragg proceed with the sale to Double AA and enjoined her from permitting logging operations on the ranch property. Intervenor, James W. Sievers (Sievers), and Trustee Bragg appeal. We affirm in part and reverse in part.

We will address the following issues:

I. Did the District Court err by granting Trustee Bragg the right and authority to sell real property held in trust?

II. Did the District Court err by ordering Trustee Bragg to proceed with the sale to Double AA?

III. Did the District Court err by enjoining Trustee Bragg from permitting any logging to occur on the subject property?

In addition to the issues as stated above, there is a motion before the Court to take judicial notice of admissions requested and unanswered in previous litigation involving this trust. We generally will not allow a party, Sievers as intervenor in this case, to introduce additional evidence once a case has been brought for appeal. Downs v. Smyk (1979), 185 Mont. 16, 604 P.2d 307. In Smyk, we refused to examine a deposition given in a proceeding previously decided by this Court because the deposition was

2

extraneous to the record on appeal.

Here, the admissions we are asked to consider were filed in an action in United States District Court by Sievers in his attempt to remove Bragg as Trustee. The instant case arises from a petition filed by Trustee Bragg in the Sixth Judicial District Court requesting a declaration of right and authority to proceed with sale of trust real property to Double AA. The requested admissions were not considered by the trial court in this matter and will not be considered on appeal. "In equity cases and in matters and proceedings of an equitable nature, the supreme court shall review all questions of fact arising upon the evidence presented in the record..." [emphasis supplied] §3-2-204(5), MCA. Sievers' motion to take judicial notice of the requested admissions is therefore denied.

Raymond W. George died in April 1974. His will, probated in the Sixth Judicial District, Park County, created a testamentary trust, the corpus of which includes the real property that is the subject of this action. His widow, Olga George, was named as income beneficiary; Raymond's children were named as remaindermen; and Maxine George, one of Raymond's children, was named as trustee. Appellant, Shirley Bragg, another of Raymond's children, became successor trustee following Maxine George's death. Maxine's remainder interest in the trust passed at her death to Cleto McPherson, Maxine's husband and sole heir.

Leo Ray George, another of Raymond's children, and Cleto McPherson conveyed their remainder interest in the trust, by

3

separate deeds, to intervenor James W. Sievers. Sievers currently holds a 5/9 interest as beneficiary in the remainder of the trust.

Trustee Bragg initiated this action after entering an agreement with Double AA Corporation to sell the real property held in the trust for $1,300,000, and other benefits. The court entered an order granting Trustee Bragg permission to sell the trust property. Thereafter, Trustee Bragg filed a motion requesting to withdraw her petition and to cancel the sale to Double AA. The District Court denied the motion and ordered that the sale proceed. The court further granted Double AA's motion to enjoin logging or any other waste from occurring on the property. Trustee Bragg and Sievers appeal.

Despite Trustee Bragg's initial request for court approval of sale of the subject ranch property, Bragg now contends that such sale is impermissible because it is inconsistent with the testator's intent and against the best interests of the beneficiaries. This action was filed pursuant to §72-35-301, MCA, which provides the court equitable jurisdiction, upon application of the trustee or any beneficiary, to approve discretionary acts of the trustee. The appellants contend that a review of Raymond George's will as a whole reveals that he intended to preserve the ranch unless sale was necessary to maintain the health and maintenance of his widow, Olga.

The will, and the trust instrument incorporated therein, expressly provides the trustee the power and necessary authority to sell the real property held in trust. However, the appellants

4

contend that regardless of any expressed provision granting specific powers to the trustee, § 72-34-130(1), MCA, mandates that a trustee:

> . . . shall act in accordance with fiduciary principles and may not act in disregard of the purposes of the trust.

The appellants rely on various references to the trust as "real property", throughout the will, as demonstrating Raymond George's intent to maintain the corpus of the trust as real property. The appellants further rely on Paragraph V (the portion of the will which creates the trust), part b of the will which provides:

> The Trustee may, in her sole and absolute discretion, invade the principle of the Trust and pay so much thereof as may be necessary, to or for the benefit of my wife, for her health and maintenance, if all other sources of property of my wife shall be exhausted.

The above language is argued to limit the sale of property to circumstances where such sale is necessary for the health and continued maintenance of Olga George. Because there is no such necessity in the instant case, it is argued that the sale is beyond the discretionary powers of the trustee.

We agree with the appellants that:

> The intention of the testator should control the disposition and the intent shall "be found from all parts of the will... construed in relation to each other ... to form one consistent whole."

Estate of Evans (1985), 217 Mont. 89, 94, 704 P.2d 35, quoting In the Matter of the Estate of Erdahl (1981), 630 P.2d 230, 231, 38 St.Rep. 978, 980. However, we do not agree with the conclusion that Trustee Bragg would be acting beyond her discretion by exercising her power of sale of the property.

5

Paragraph V, part b, quoted above, does not limit the trustee's authority to sell the property. The words of limitation relied on by the appellants refer specifically to invasion of the corpus of the trust. There is no indication that Trustee Bragg intends to invade the corpus of the trust, her request is merely to change the character of the trust investment from land to cash. The powers exercisable by the trustee include the discretion to sell the ranch or any other asset held by the trust.

Numerous provisions of the trust instrument provide clear support for sale of the real property. For example, section r of "Powers Exercisable By Trustee" provides the trustee the power:

> To sell publicly or privately, for cash or on time, without an order of the court, upon such terms and conditions as to her shall seem best, any property, real or personal, included in the estate ...

The bulk of the trust 'estate', as intended and created by Raymond George, is the ranch property. There is no doubt that the trustee was authorized to sell the ranch consistent with her fiduciary duties. We conclude that Trustee Bragg had the right and authority to sell the ranch and the District Court is affirmed on this point.

The District Court noted, in its original order, two issues necessary for resolution of the action filed by Trustee Bragg; whether or not Trustee Bragg has the legal authority to sell the ranch (addressed above) and whether or not the proposed sale to Double AA is fair and equitable. The District Court found Double AA's offer of $1,300,000, and other benefits, to be very fair and reasonable. This finding is supported by the evidence, is not clearly erroneous, and is therefore affirmed.

6

We turn now to whether or not the District Court erred by ordering Bragg to proceed with the sale to Double AA. During the proceedings, the District Court specifically noted in an order that:

> It does not appear to the court at this point that this action on the petition to approve sale of the trust property is the proper vehicle to determine the merits of any claim of Double AA against the trustee and other interested persons for specific performance, breach of contract, or damages.

Later, the District Court, in an effort to avoid further litigation, did in fact order specific performance of the sale.

Rule 54(c) M.R.Civ.P., allows the court to grant relief to which a party is entitled even if such relief was not demanded in the party's pleading. However, the court may not grant relief not specifically requested when the facts and issues necessary to support such relief have not been tried and proven at trial. Smith v. Zepp (1977), 173 Mont. 358, 567 P.2d 923. Long ago we stated that the court could grant "any relief to which the plaintiffs are entitled upon the allegations of the complaint and the proof introduced at trial". [emphasis supplied], Merk v. Bowery Mining Co. (1904), 31 Mont. 298, 78 P. 519.

This is neither a proceeding for specific performance nor an action to litigate the rights between the trust and Double AA. No opportunity was ever provided to the parties to present evidence relative to the enforcement of the agreement. The validity of the contract between the trust and Double AA and any rights of the parties resulting from the contract were not the subject of the litigation. The evidence presented only regarded the fairness and

7

reasonableness of Double AA's offer and the agreement that the parties entered. Whether or not any or all of the conditions of that agreement have been met such that specific performance is appropriate is beyond the scope of both the pleading and proof introduced.

Double AA contends the court's order to proceed with the sale to Double AA was a proper exercise of its equitable supervisory authority over the internal affairs of the trust. Section 72-35-301, MCA. However, it remains that any relief provided by the court must be based on evidence presented before the court. The equitable question of specific performance was not properly raised and litigated. Therefore, we conclude that the District Court's order to proceed with the sale was in error and the District Court is reversed on this point.

The final issue for our review is whether or not the court erred by enjoining logging operations on the ranch. On May 29, 1991, Double AA applied for an order restraining Trustee Bragg from logging trust property. The motion was granted June 5, 1991. No hearing has ever been held regarding the injunction.

Section 27-19-314, MCA, provides that an injunction issued without a hearing is a temporary restraining order. By law, a temporary restraining order expires in 10 days. Section 27-19-316(4), MCA. The District Court in its order and accompanying memorandum stated that it was granting the injunction regardless of whether the order strictly complies with the injunction statutes. We conclude that the District Court acted beyond its discretion and

8

contrary to the statutory mandates regarding injunctive relief. Therefore, we reverse the court and dissolve the injunction.

The District Court is affirmed in part and reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

May 12, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Dan Yardley
YARDLEY & YARDLEY
P.O. Box 482
Livingston, MT 59047

John T. Jones
MOULTON, BELLINGHAM, LONGO & MATHER, P.C.
Suite 1900, Sheraton Plaza
P.O. Box 2559
Billings, MT 59103

Rockwood Brown
ANDERSON, BROWN, GERBASE, CEBULL, FULTON, HARMAN & ROSS.
P.O. Drawer 849
Billings, MT 59103-0849

Joseph T. Swindlehurst
HUPPERT & SWINDLEHURST, P.C.
P.O. Box 523
Livingston, MT 59047

Robert Baldwin
GOETZ, MADDEN & DUNN, P.C.
35 North Grand Ave.
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy