No. 93-335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

DELILAH HANEY,

       Petitioner and Respondent,

   and

GUY L. HANEY,

       Respondent and Appellant.

**FILED**

OCT 13 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kenneth R. Olson, Attorney at Law,
        Great Falls, Montana

    For Respondent:

        Susan L. Weber, Attorney at Law,
        Great Falls, Montana

Submitted on Briefs: April 28, 1994

Decided: October 13, 1994

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Guy L. Haney (Guy) appeals an order of the Eighth Judicial District Court, Cascade County, which awarded Delilah Haney (Delilah) maintenance. We reverse.

Guy and Delilah were married for thirty-five years. Delilah raised the couple's five children who have attained the age of majority. Delilah filed for dissolution on June 13, 1990. Guy filed his response and the parties agreed to divide the marital assets and debts. They could not, however, agree on the maintenance issue; Guy argued that he should pay maintenance in the amount of $300 per month for two years, while Delilah contended that she should be awarded $300 per month for five years.

Notwithstanding the contention on the part of both Guy and Delilah that $300 per month was adequate, with the only question being the number of years duration, the District Court awarded Delilah permanent maintenance of $400 per month. In addition, that amount would increase to $600 per month if Delilah became unemployed by reason of age, sickness or disease.

The court found that Delilah worked three jobs, seven days a week, for a net pay of $435 per month while her expenses totaled $875. The court found that Guy had the ability to earn substantially more income than Delilah, referring to his snow removal contract and various equipment which he owned. After deducting Guy's living expenses, the District Court concluded that Guy would net in excess of $210 per month over and above the $300 maintenance award to Delilah. That was the apparent basis for the

2

District Court's conclusion that Guy had the ability to pay $400 per month maintenance to Delilah.

Guy presents the following issue:

Did the District Court err by awarding Delilah $400 per month permanent maintenance?

It is well settled that this Court will scrutinize the district court's legal conclusions and examine whether the court interpreted the law correctly. In re Marriage of Danelson (1992), 253 Mont. 310, 317, 833 P.2d 215, 219-20. After an equitable division of marital property, a district court is required to apply the two-prong test of § 40-4-203, MCA, to determine whether a maintenance award is appropriate. See In re Marriage of Eschenbacher and Crepeau (1992), 253 Mont. 139, 142-43, 831 P.2d 1353, 1355-56. Section 40-4-203, MCA, provides in pertinent part:

(1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) lacks sufficient property to provide for [her] reasonable needs; and

(b) is unable to support [her]self through appropriate employment . . . . [Emphasis added.]

Here, the District Court found that Delilah worked three jobs, seven days a week, for net pay of $435 per month while her expenses totalled $875 per month and that she was unable to support herself through appropriate employment. The court, however, did not make a finding concerning whether Delilah lacked sufficient property to provide for her reasonable needs. "Sufficient property" is property which is "income-producing rather than income-consuming

3

property." Marriage of Eschenbacher, 831 P.2d at 1356.

In this case, a review of the record reveals that the majority of the property awarded to Delilah was income-consuming property; a car, the trailer house with adjoining land and household furnishings. However, Delilah also received income-producing property--one-half of Guy's Teamsters pension. The court failed to discuss the pension award and to set forth when payments could be anticipated under the pension and to then consider the relationship to the maintenance award. We conclude this is a basis for reversal.

Without any explanation on the part of the court as to the reason it disregarded the agreement of the parties that $300 per month for maintenance was appropriate, the District Court awarded Delilah permanent maintenance of $400 per month with an escalation to $600 per month if Delilah became unemployed.

Under Rule 54(c), M.R.Civ.P., "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." While that gives a broad discretion to the trial court, the discretion under Rule 54(c) must be viewed in light of the nature of the case. In re Marriage of Hughes (1989), 236 Mont. 427, 430, 770 P.2d 499, 501. A district court may not grant relief not requested when the facts and issues necessary to support such relief have not been tried and proven at trial. Matter of George Trust (1992), 253 Mont. 341, 345, 834 P.2d 1378, 1381. In dissolution cases, the court's power to grant relief is strictly

4

statutory, and with respect to maintenance the court must make specific findings under § 40-4-203, MCA. Marriage of Hughes, 770 P.2d at 501.

In our review of the record and our application of the statutory criteria to the evidence produced, we are unable to find support for the exercise of the court's discretion to award permanent maintenance when maintenance only for a term of years was requested; to award maintenance of $400 per month when $300 per month was requested; and finally to award an automatic escalation to $600 per month if Delilah becomes unemployed.

Accordingly we reverse and remand for consideration of this issue in accordance with this opinion.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice Terry N. Trieweiler specially concurring.

I specially concur with the majority opinion which reverses the judgment of the District Court. However, I do not agree with the basis for reversal set forth in the majority opinion, nor do I agree that this case should be remanded for further proceedings.

The effect of the positions advocated by the parties in the District Court was to stipulate that $300 per month was a reasonable amount of maintenance, and to further stipulate that a duration for maintenance beyond five years was unreasonable. The stipulation was supported by the evidence and did not offend any public policy. Therefore, I conclude that it was an abuse of discretion for the District Court to ignore the stipulation by awarding maintenance in an amount greater than $300, and for a duration beyond five years.

Furthermore, based on the limited nature of the dispute in this case, and the fact that there are already inadequate assets with which to satisfactorily support both parties, I see no reason for either party to exhaust more of those resources on additional attorney fees for further legal proceedings.

Since the District Court found that Delilah was entitled to maintenance for longer than was stipulated to by the parties, but failed to adhere to the limitation established by the parties, I would reverse the judgment of the District Court and remand this case to the District Court solely for entry of judgment awarding maintenance to Delilah in the amount of $300 per month for a period of five years.

For these reasons, I specially concur with the majority's reversal of the District Court.

_____
Justice