No. 87-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

DAN J. DONOVAN, d/b/a D.J. DONOVAN
CONSTRUCTION,

Plaintiff and Appellant,

-vs-

GERRY GRAFF,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dan J. Donovan, Pro Se, Denver Colorado

For Respondent:

Jack Sands; Sands LaW Firm, Billings, Montana

Submitted on Briefs: March 24, 1988

Decided: May 3, 1988

Filed: MAY 3 - 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Donovan brought this suit for damages arising out of his contract to remodel Mr. Graff's house. Mr. Graff counterclaimed, alleging breach of contract. Mr. Donovan appeals the judgment entered after a jury verdict in the District Court for the Thirteenth Judicial District, Yellowstone County. The jury found that neither party had proven its case by a preponderance of the evidence. We affirm.

The issues are:

1. Should a new trial have been granted for newly discovered evidence?

2. Is a new trial required because of prejudicial surprise?

Mr. Donovan agreed by written contract to remodel Mr. Graff's Billings home. The contract provided that Mr. Graff would pay for materials, permit costs, and subcontractors' costs, along with labor costs of between $4,800 and $5,800, plus $13.50 per hour for work additional to that called for in the contract.

After several weeks of work on the home, Mr. Donovan had his crew walk off the job because of a bad check Mr. Graff had given him. Mr. Donovan filed suit, alleging that he had not been paid for additional work not listed in the contract; that he had not been paid for materials, a permit, and equipment rentals; and that he had suffered emotional distress when his own checks were dishonored as a result of his reliance on depositing Mr. Graff's check into his account. Mr. Graff counterclaimed for breach of contract, requesting as damages the cost of having the work on his house completed and to some extent redone. The three-day trial was replete with evidence and innuendoes by each side of unprofessionalism and half-truths by the other side. After

2

hearing the evidence, the jury returned its verdict that "neither party proved their case by a preponderance of the evidence."

One set of exhibits presented at trial by Mr. Graff was a collection of 23 photographs of the remodeling work. Mr. Donovan took the opportunity at trial to present rebuttal testimony to Mr. Graff's witnesses' testimony about the photographs. He did not object to their admission into evidence. However, after the verdict was rendered, he moved for a new trial, arguing that the admission of the photographs was unfair surprise. He also argued that when he was able to reflect further upon the photographs, he found inconsistancies which constituted newly discovered evidence justifying a new trial. The District Court denied the motion for new trial, and Mr. Donovan appeals.

I

Should a new trial have been granted for newly discovered evidence?

Section 25-11-102, MCA, provides that a new trial may be granted for several reasons which materially affect the substantial rights of a party. One of the reasons, set out in subsection (4), is newly discovered evidence which is material to the party applying for new trial and which that party could not, with reasonable diligence, have discovered and produced at trial. A party moving for a new trial on the basis of newly discovered evidence must show that: 1) this evidence came to the party's knowledge since the trial; 2) it was not through want of diligence that the evidence was not discovered earlier; 3) the evidence is so material that it would probably produce a different result upon retrial; 4) the evidence is not merely cumulative; 5) the witness whose evidence is newly discovered has signed an affidavit which supports the application; and 6) the

3

evidence does not tend only to impeach the character or credit of a witness. Kerrigan v. Kerrigan (1943), 115 Mont. 136, 144-45, 139 P.2d 533, 535.

Mr. Donovan argues that after the trial he noticed certain discrepancies in Mr. Graff's witnesses' testimony about several of the photographs of Mr. Graff's house. Mr. Donovan states that although these photographs were listed as proposed exhibits in the pretrial order, the attorney for Mr. Graff failed to produce them for Mr. Donovan's inspection until the morning of trial. Mr. Donovan asserts that his awareness of the contradictions in Mr. Graff's witnesses' testimony constitutes newly discovered evidence.

Mr. Graff points out that, although Mr. Donovan knew for several months before trial that photographs of the house would be offered into evidence, he never filed a discovery request to see the photographs. We conclude that Mr. Donovan has failed to establish element (2) under the above test for newly discovered evidence. We also conclude that Mr. Donovan has not shown that the evidence is so material that it would probably produce a different result upon retrial. We therefore hold that the District Court did not err in denying the motion for a new trial on this ground.

II

Is a new trial required because of prejudicial surprise?

Section 25-11-102, MCA, provides, at subsection (3), that a new trial may be granted if there has been "accident or surprise which ordinary prudence could not have guarded against" and which materially affected the substantial rights of the moving party. For a new trial under this subsection, the moving party must show that 1) the moving party was actually surprised; 2) the facts causing the surprise had a material bearing on the case; 3) the verdict or decision resulted mainly from these facts; 4) the surprise did not

4

result from the moving party's inattention or negligence; 5) the moving party acted promptly and claimed relief at the earliest opportunity; 6) the moving party used every means reasonably available at the time of the surprise to remedy it; and 7) the result of a new trial without the surprise would probably be different. Ewing v. Esterholt (Mont. 1984), 684 P.2d 1053, 1057, 41 St.Rep. 1095, 1098.

Mr. Donovan argues that the admission of the photographs of the house into evidence constituted prejudicial surprise. Similarly to the first issue, Mr. Donovan's failure to request production of these photographs through the discovery process is important. We conclude that Mr. Donovan has failed to prove element (4) above, that the surprise did not result from his own inattention or negligence. After reviewing the transcript, we further conclude that Mr. Donovan has failed to prove that the verdict resulted mainly from admission of these photographs.

Affirmed.

Justice

We concur:

Justices