No. 91-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

KAYLEEN MARIE JONES VAN ATTA,

       Petitioner and Respondent,

   -vs-

LAWRENCE CLARE VAN ATTA,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          David R. Paoli, Edwards and Paoli, Billings, Montana.

       For Respondent:

          Virginia A. Bryan, Wright, Tolliver and Guthals, Billings, Montana.

FILED

MAR 31 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  March 5, 1992

Decided:  March 31, 1992

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Lawrence Clare Van Atta (Lawrence) appeals the May 9, 1991 findings of fact and conclusions of law of the Thirteenth Judicial District, Yellowstone County, which awarded Kayleen Marie Jones Van Atta (Kayleen) $700 monthly maintenance payments following their marriage dissolution. We affirm.

We rephrase the issue presented on appeal as follows:

Did the District Court abuse its discretion when it awarded Kayleen $700 monthly maintenance payments until May 1, 1998, or until the death of either party, Kayleen's remarriage or her cohabitation?

Kayleen and Lawrence were married on August 31, 1974, in Roundup, Montana. Their marriage produced two children, Kelsey Lynne, born June 4, 1977, and Brie Anne, born April 22, 1980.

At the time of the marriage, both parties were employed as school teachers in Roundup. Thereafter, the parties left their teaching careers to pursue other employment opportunities. At the time of trial, Lawrence was the office manager of Piper, Jaffray & Hopwood in Billings and earned approximately $115,000 in 1990. Lawrence participated in a retirement program as well as other fringe benefits including a country club membership. At the time of trial, Kayleen was employed at River Run Interiors in Billings earning $6.50 an hour with no retirement benefits, sick pay, vacation pay, health insurance, or other fringe benefits. Kayleen completed a paralegal program at Rocky Mountain College, but failed

2

to find employment as a paralegal in the Billings area. Her teaching certificate had also expired.

Kayleen petitioned for dissolution of marriage on May 11, 1990. A Property Settlement Agreement dated April 12, 1991, awarded Kayleen approximately $118,720 of the marital estate and Lawrence approximately $117,405. In addition, on May 9, 1991, the District Court awarded Kayleen $700 monthly maintenance payments until May 1, 1998, or until the death of either party, Kayleen's remarriage, or her cohabitation. Lawrence now appeals the District Court's award of maintenance to Kayleen.

Did the District Court abuse its discretion when it awarded Kayleen $700 monthly maintenance payments until May 1, 1998, or until the death of either party, Kayleen's remarriage or her cohabitation?

Section 40-4-203, MCA, provides:

(1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) lacks sufficient property to provide for his reasonable needs; and

(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without

3

regard to marital misconduct, and after considering all relevant facts including:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Lawrence argues that Kayleen is not entitled to maintenance under § 40-4-203(1), MCA, because she does not lack "sufficient property" to provide for her reasonable needs and she is able to support herself through "appropriate employment." We disagree.

"Sufficient property" under § 40-4-203(1)(a), MCA, means income-producing property, not income-consuming property. In Re the Marriage of Bowman (1981), 194 Mont. 233, 237, 633 P.2d 1198, 1200. Here, Kayleen received approximately $118,720 in marital property, $80,000 of which constitutes a Piper, Jaffray & Hopwood ESOP Account, a retirement account. The funds in this account are tax-deferred and are subject to a tax penalty if withdrawn prior to retirement. Kayleen testified that she intended to leave these

4

funds for her retirement as she had no other retirement benefits. Although these funds are income-producing property, they are earmarked for Kayleen's retirement and she need not use such funds to meet her present reasonable needs. The rest of Kayleen's share of the marital estate consists of a buy-out from the family home totaling $15,000, a 1988 Honda Accord LX valued at $11,800, and approximately $11,900 from various bank accounts. Kayleen testified that she intends to use the money from the buy-out of the family home for a down-payment on a home, and the money from the various bank accounts to inter alia, pay substantial attorney fees associated with the dissolution. We hold that the District Court properly found that the property awarded to Kayleen under the Property Settlement Agreement was primarily income-producing property but is not sufficient property to provide for her reasonable present needs.

"Appropriate employment" under § 40-4-203(1)(b), MCA, "must be determined with relation to the standard of living achieved by the parties during the marriage." In Re the Marriage of Bowman, 194 Mont. at 237, 633 P.2d at 1200 (citation omitted). Here, Kayleen enjoyed a high standard of living during the marriage, including a home valued at $172,500, new cars, out-of-state trips, and a country club social life. The District Court found that Kayleen's reasonable monthly expenses, including her costs associated with child support, do not exceed $2200. The record indicates that Kayleen's monthly earnings of approximately $700 without benefits

5

was comparable to an entry level paralegal position, the field in which she recently had been certified but was unable to find a position in Billings. The record further indicates that Kayleen was awarded $800 monthly child support.

At the time of trial, Kayleen was unable to return to teaching without further education as her teaching certificate had expired. Kayleen testified that she had no intent of returning to school to renew her teaching certificate nor did she desire to further pursue a career as a paralegal. Accordingly, the District Court found that Kayleen was "not entitled to maintenance in an amount similar to that enjoyed during the marriage."

At the time of trial, Kayleen's earnings, including child support, totals approximately $1500 a month. This amount falls $700 short of her monthly reasonable expenses. We hold that the District Court properly found that Kayleen is unable to support herself through appropriate employment in relation to the standard of living she enjoyed during her marriage. Kayleen therefore satisfies the requirements of § 40-4-203(1), MCA, and is entitled to maintenance payments.

Lawrence further argues that Kayleen is not entitled to maintenance under § 40-4-203(2), MCA, because she has sufficient financial resources to meet her needs, she has sufficient education and training to support herself, she is young, she is in good health and she is emotionally stable. Lawrence also argues that he

6

does not have the ability to meet his own needs and his children's needs while meeting the maintenance awarded to Kayleen.

The record indicates that Lawrence earned approximately $115,000 in 1990. The District Court in its findings of fact and conclusions of law, carefully examined the applicable factors of § 40-4-203(2), MCA, and found that Lawrence was capable of paying and Kayleen was entitled to $700 monthly maintenance payments until May 1, 1998, when their daughter Brie Anne reached the age of emancipation, or until the death of either party, Kayleen's remarriage, or her cohabitation. We hold that the District Court properly considered the factors under § 40-4-203(2), MCA.

In conclusion, we affirm the District Court's May 9, 1991 findings of fact and conclusions of law that awarded Kayleen Marie Jones Van Atta maintenance payments.

Chief Justice

We concur:

Justices

7

March 31, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

David R. Paoli
EDWARDS & PAOLI
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, MT 59104-0039

Virginia A. Bryan, Esq.
WRIGHT, TOLLIVER and GUTHALS, P.C.
P.O. Box 1977
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
        Deputy