No. 91-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
STEVEN NORMAN ESCHENBACHER,

        Petitioner and Appellant,

  and

MICHELE RENEE CREPEAU,

        Respondent and Respondent.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Clinton H. Kammerer; Kammerer Law Offices, Missoula,
        Montana

      For Respondent:

        Bruce Barrett, ASUM Legal Services, Missoula,
        Montana


Submitted on Briefs:  March 19, 1992

Decided:  May 1, 1992

Filed:

_____
            Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Steven Eschenbacher (Steven) appeals the July 8, 1991, decree of dissolution of his marriage to Michele Crepeau (Michele) entered in the Fourth Judicial District Court, Missoula County, Montana, which awarded Michele $800 monthly maintenance for an eighteen month period. We affirm.

Steven and Michele began living together in June of 1990 and were married on August 18, 1990. No children were born of their marriage, although Steven had two children and Michele had one child from prior relationships.

Prior to and during the marriage, Steven was a commissioned officer in the United States Army stationed at the University of Montana as an Assistant Professor of Military Science earning approximately $46,800 per year. He owned his home free of all encumbrances, he had a savings account with approximately $6,000, and virtually no debt. In addition to his home and savings, Steven brought into the marriage assets including two motor vehicles, a motorcycle, and personal belongings. Prior to the marriage, Steven supported his children and himself.

Michele was a student at the University of Montana working towards a bachelor's degree. She received financial aid from the University to finance her education and basic living expenses. Prior to the marriage, Michele supported her son and resided in the University's student housing complex. She also received Aid to Families with Dependent Children (AFDC). Apparently, Michele did not engage in outside employment while she attended school.

2

Michele brought no assets to the marriage aside from her personal effects and a 1981 automobile. When Michele moved into Steven's home, she disposed of most of her personal belongings including the car which she gave to her parents.

After Michele moved into Steven's home, but prior to the marriage, Steven obtained a $30,000 home equity loan. Steven used the majority of the loan proceeds to purchase a new van to provide Michele with reliable transportation. Steven used the balance of the loan proceeds to pay for their wedding, reception, honeymoon trip, a holiday cruise, and home improvement materials.

During the marriage Michele assumed household duties including cleaning, preparing meals, and caring for the children while she attended school full-time. However, Steven and Michele hired domestic help to perform the weekly heavy housework. Michele also managed the household finances at Steven's request. Additionally, Michele and her father extensively remodeled the bathrooms in the home.

On January 7, 1991, the Army ordered Steven to Saudi Arabia as a result of the Desert Storm conflict. Michele remained at home caring for the three children and the home. While in Saudi Arabia, Steven deposited his earnings into the couple's joint checking account. After paying her educational expenses, Michele deposited the balance of her financial aid into the couple's joint account.

On or about February 14, 1991, while still in Saudi Arabia, Steven learned that Michele desired a divorce. Steven received an early return from Saudi Arabia. When he returned home on March 11,

1991, Steven discovered that Michele had moved out of his home taking the van and her personal belongings.

Steven petitioned for dissolution of marriage on March 27, 1991. In her response, Michele requested the court award her the van and monthly maintenance. Thereafter, Michele moved the court for temporary maintenance and property distribution; Steven moved the court for an expedited hearing on the petition for dissolution to accommodate his military transfer to Germany.

The court scheduled the hearing on Michele's motion for temporary maintenance on June 17, 1991. At that time, the parties, with the court's approval, agreed to proceed directly to a final hearing on the dissolution. Michele waived all claims to marital property except for the van and basic household items.

After hearing the evidence, the court awarded Michele $1,000 as full settlement for her interest in the marital property and $800 monthly maintenance for eighteen months. The District Court entered its final decree of dissolution on July 8, 1991, containing its findings of fact and conclusions of law. Steven appeals the District Court's award of maintenance to Michele.

The standard of review is whether the district court's findings of fact are clearly erroneous. In re Marriage of Eide (Mont. 1991), 821 P.2d 1036, 1037, 48 St.Rep. 1054, 1055; and Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603. Recently, we adopted a three-part test to determine if a finding is clearly erroneous. Interstate Prod. Credit Ass'n v. DeSaye (Mont. 1991), 820 P.2d 1285, 1287, 48

4

St.Rep. 986, 987.

> First, the Court will review the record to see if the findings are supported by substantial evidence. Second, if the findings are supported by substantial evidence, we will determine if the trial court has misapprehended the effect of evidence. [Citation omitted.] Third, if substantial evidence exists and the effect of the evidence has not been misapprehended, the Court may still find that "[A] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." [Citation omitted.]

Interstate Prod. Credit Ass'n, 820 P.2d at 1287, 48 St.Rep. at 987.

Substantial evidence is defined as "evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Barrett v. Asarco Inc. (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080 (citation omitted).

The only issue Steven raises on appeal is whether, considering the short duration of the marriage, the District Court erred in awarding Michele $800 monthly maintenance for eighteen months.

A court may award maintenance after the marital property has been equitably divided pursuant to § 40-4-202, MCA, and the court has properly applied the criteria of § 40-4-203, MCA, which provides:

> (1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> (a) lacks sufficient property to provide for his reasonable needs; and
>
> (b) is unable to support himself through

5

appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

In the instant case, the District Court found that Michele required maintenance because she did not receive sufficient income-producing property to support herself and that she could not obtain appropriate employment to support herself due to her lack of training and sufficient education. After a thorough review of the record, we agree.

For property to be "sufficient property" under § 40-4-203(1)(a), MCA, it must be income-producing rather than income-consuming property. In re Marriage of Van Atta (Mont. 1992), ___ P.2d ___, ___, 49 St.Rep. 264, 265. Due to the short duration of

6

the marriage in the instant case, the couple obtained few marital assets. As a result, the court apparently divided the marital property pursuant to § 40-4-202, MCA, and awarded Michele $1,000. Although these funds are income-producing, the court awarded Michele the $1,000 cash award to replace the basic household items she disposed of prior to and during the marriage. We hold that sufficient evidence exists supporting the District Court's finding that Michele did not receive sufficient income-producing property to provide for her reasonable needs.

The court also found sufficient evidence to conclude that the second criteria for awarding maintenance, § 40-4-203(1)(b), MCA, was satisfied. The court concluded that Michele was unable to support herself through appropriate employment because she lacked sufficient education and training.

Generally, an award of maintenance is appropriate if the spouse seeking maintenance is unable to obtain appropriate employment with relation to the standard of living achieved by the parties during the marriage. In re Marriage of Skinner (1989), 240 Mont. 299, 306, 783 P.2d 1350, 1354. In this case, Michele enjoyed a middle-class standard of living during her marriage to Steven. Michele contends that the District Court did not err in awarding her maintenance because she is unable to obtain appropriate employment to achieve the standard of living she enjoyed during the marriage until she finishes school. Michele stated that her standard of living has decreased significantly since the separation.

The only evidence concerning Michele's employability included the uncontested facts that she was to begin working within a few days after the conclusion of the dissolution proceeding. The record indicates that Michele obtained a clerical position earning $5.50 per hour. This position was strictly temporary in nature in that it was in the form of a work study financial aid grant. The University awarded Michele a maximum of $1,800 that she could earn during the summer; once she earned $1,800 her position would terminate. Based on the foregoing, we hold that substantial evidence exists supporting the District Court's finding that Michele was unable to support herself through appropriate employment.

The record indicates that Michele satisfied the criteria of § 40-4-203(1), MCA, supporting her eligibility for maintenance. Therefore, the court engaged in step two of the analysis, by applying § 40-4-203(2), MCA, to determine the appropriate duration and amount of monthly maintenance.

Steven argues that Michele is not entitled to $800 monthly maintenance for eighteen months under § 40-4-203(2), MCA, because she has financial resources to meet her needs through the use of financial aid and AFDC, that she can obtain appropriate employment, and that she should be returned to the status she enjoyed prior to the marriage.

The record indicates that Michele's monthly expenses would be at least $600. Before awarding Michele maintenance, the court considered the factors in § 40-4-203(2), MCA, including the

8

duration of the marriage, the middle-class standard of living enjoyed during the marriage, Michele's contributions to family harmony, and Steven's ability to pay maintenance while meeting his own needs. We hold that substantial evidence exists supporting the District Court's findings regarding duration and amount of maintenance.

In conclusion, the District Court did not misapprehend the effect of the evidence and a review of the record does not leave us with a definite and firm conviction that a mistake has been committed. The District Court's findings were not clearly erroneous, therefore, the judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Justice Karla M. Gray, dissenting.

I respectfully dissent from the opinion of the majority. In applying the three-part test articulated in Interstate Prod. Credit Ass'n, my review of the record in this case leaves me with a definite and firm conviction that a mistake has been committed. I would reverse the award of maintenance.

Steven and Michele had been married for less than one year when the final decree of dissolution was entered. They lived together as a married couple for less than five full months, at which time Steven was ordered to Saudi Arabia as a result of the Desert Storm conflict. Approximately five weeks later, Steven learned that Michele desired a divorce.

Michele was attending the University before the marriage; she received financial aid to finance her education and basic living expenses. She and her son lived in University housing and she received AFDC. She was not employed. Steven brought substantial assets into the marriage, including his $46,800 annual salary, a home free of encumbrances, and a savings account. He had no debt.

Shortly before the marriage, after Michele had moved into Steven's home, Steven obtained a $30,000 home equity loan solely in his name. The loan proceeds were used for a new van for Michele, the wedding and reception, a honeymoon trip, a holiday cruise, and home improvement materials.

By the time the brief marriage ended, Steven's net worth had decreased significantly due to the substantial home equity loan, depletion of his $5,600 savings account, and $6,000 in credit card

10

debt. Michele's net worth remained much as it was prior to the marriage.

The majority affirms the District Court's award of $800 per month maintenance for eighteen months, concluding that the requirements of § 40-4-203(1)(a) and (b), MCA, were met and that the District Court properly applied the § 40-4-203(2), MCA, factors. While I would have applauded voluntary payments by Steven in that amount and for that time, so as to enable Michele to complete her degree under improved financial conditions, I cannot agree that it is an appropriate legal result under the facts of this case.

The majority is correct that "[g]enerally, an award of maintenance is appropriate if the spouse seeking maintenance is unable to obtain appropriate employment with relation to the standard of living achieved by the parties during the marriage." (Emphasis added.) It is my view, however, that this case must be distinguished from the "general rule" cases. In the case at bar, the parties were married for ten months and resided together for only five of those months. While it is true that Michele presently cannot obtain employment sufficient to support herself at the standard of living she enjoyed during the short marriage, it also is true that she did not contribute to attaining the standard of living into which she married and which she enjoyed for less than one year. In addition, she was a student and was not engaged in outside employment before the marriage. Therefore, nothing related in any way to the short marriage hindered her ability to compete successfully in the job market after the marriage. Michele is

11

twenty-eight years old and in good health. These factors indicate that, although she remains in college obtaining additional training, she is not unemployable. In short, while Michele is to be commended for her commitment to obtaining a university degree, Steven should not be required under circumstances such as these to contribute to her efforts in that regard.

In addition, when determining whether the spouse qualifies for maintenance due to a lack of sufficient property to provide for his or her reasonable needs, the district court is required to consider all financial resources available to the spouse seeking maintenance. In re Marriage of Feisthamel (1987), 227 Mont. 321, 326, 739 P.2d 474, 478. Here, the record demonstrates that prior to the marriage, Michele's financial resources were primarily in the form of financial aid and AFDC. The undisputed facts indicate that Michele continues to be eligible for financial aid while she remains in school. Additionally, the record indicates that she plans to remain in school. If Michele takes advantage of the available aid, it is as sufficient to provide for her reasonable needs as it was prior to the short marriage. Thus, an award of maintenance in this case is inappropriate.

Furthermore, under these facts, the evidence presented to the District Court does not support a conclusion under § 40-4-203(1)(b), MCA, that Michele was unable to obtain appropriate employment to support herself. The evidence concerning Michele's employability included the uncontested fact that she was to begin working within a few days after the conclusion of the dissolution proceeding under a work study grant which formed only part of her

12

overall financial aid award from the University. This evidence of a clerical position paying $5.50 per hour indicates that Michele has skills necessary to secure appropriate employment to support herself. Employment in such positions at similar earnings is not uncommon for college students.

Finally, it appears to me that the District Court's application of the § 40-4-203(2), MCA, factors was limited almost entirely to consideration of the middle-class standard of living enjoyed during the marriage and Steven's ability to pay. As to the former, and as discussed above, it is my view that the District Court and the majority of this Court improperly fail to weigh the very brief duration of this marriage into the equation of this case. As to the latter, it is as clear to me as it apparently is to the majority, and was to the District Court, that Steven "can afford" to pay the awarded maintenance and that, as a result, Michele can be helped to obtain her degree. I believe, however, that it is legally incorrect to mandate such a result under the facts of this case. Michele's ability to support herself through appropriate employment was neither hindered nor enhanced by reason of the parties' unfortunately brief marriage. To require Steven, already in significantly less favorable financial circumstances as a result of the marriage, to put Michele in a significantly improved financial situation leaves me with a definite and firm conviction that a mistake has been committed. I would reverse.

_____
Justice

13

May 1, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Clinton H. Kammerer
KAMMERER LAW OFFICES, P.C.
101 E. Broadway, Suite 200
Missoula, MT 59802

BRUCE BARRETT
ASUM Legal Services
University Center
Missoula, MT 59812

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy