No. 95-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE MARRIAGE OF
DEBRA RUTH MINER,

      Petitioner and Respondent,

v.

JOHN NATHAN MINER,

      Respondent and Appellant.

FILED

NOV 07 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Kory Larsen, Larsen and Neill, Great Falls, Montana

    For Respondent:

    Debra J. Upton, Montana Legal Services Assoc., Great
Falls, Montana

Submitted on Briefs:  August 24, 1995

Decided:  November 7, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant John Miner appeals the Findings of Fact and Conclusions of Law entered on December 16, 1994, and the subsequent denial of a motion for a new trial entered in the Eighth Judicial District Court of Montana, Cascade County.

We affirm.

We restate the following issues raised on appeal:

1. Did the District Court err in its findings of facts and conclusions of law:

    a) in awarding Ms. Miner maintenance;

    b) in dividing the property of the marriage;

    c) in adopting Ms. Miner's proposed findings verbatim?

2. Did the District Court err in denying John Miner's motion for a new trial?

## FACTS

John and Debra Miner were married on May 31, 1975. There are two children of the marriage; Michael, born April 12, 1979 and Heather, born March 31, 1983. John, respondent and appellant, resides in Mississippi with the son. The custody of Michael is under the jurisdiction of Mississippi and is not affected by this

2

action. Debra, petitioner and respondent, and the daughter live in Great Falls. The marriage of the parties was dissolved by a British Court on August 11, 1992; that court did not decide custody issues, child support, maintenance or property distribution.

John joined the U.S. Air Force in 1974 and received an honorable discharge on August 13, 1992. He then moved to Mississippi and began working for Beech Aerospace in July of 1993. Upon discharge from the service, John received a lump sum payment of approximately $32,000. He has served over eighteen years in the military which may eventually be put towards a retirement pension.

Debra received enough credits to obtain an Associate Degree prior to the divorce. She is currently a part time student at the College of Great Falls working towards a double major in psychology and sociology. Debra has a work study position and in addition to student loans she is receiving Aid to Families with Dependent Children.

The order from which John appeals awarded the parties joint custody of both children, with Debra as the primary physical custodian of Heather. Debra was awarded maintenance, calculated at $500 a month for sixty-five months. In addition, John was ordered to pay Debra two lump sum maintenance payments of $3,000 each in 1995 to offset her student loans. Each party was then awarded personal property currently in his or her possession. John filed a motion for a new trial, which was denied on March 9, 1995.

3

Did the District Court err in its findings of fact and conclusions of law?

The standard we use when reviewing a district court's findings of fact is whether they are clearly erroneous. Interstate Production Credit v. DeSaye (1991), 250 Mont. 320, 322, 820 P.2d 1285, 1287. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), ____ Mont. ___, 898 P.2d 672.

A

Appellant first contends the District Court erred in awarding Debra maintenance. A court may award maintenance after the marital property has been equitably divided. In re Marriage of Eschenbacher (1992), 253 Mont. 139, 142, 831 P.2d 1353, 1355. The court then applies § 40-4-203, which reads as follows:

> In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
> (a) lacks sufficient property to provide for his reasonable needs; and
> (b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
> (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:
> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently,

4

including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

    (b)   the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

    (c)   the standard of living established during the marriage;

    (d)   the duration of the marriage;

    (e)   the age and the physical and emotional condition of the spouse seeking maintenance; and

    (f)   the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

On appeal John argues the court failed to consider Debra's property and her ability to support herself through appropriate employment.

As for the property of the marriage, testimony reveals the location of much of the property of the marriage is in dispute. There were several different shipments from England, and some items were placed in storage prior to the couple's departure overseas. The court specifically awarded Debra maintenance after considering the property of the marriage: "[r]ather than award Petitioner-mother property that she will never obtain, a monthly payment will better serve her rehabilitation and education needs."

As for Debra's employment, Debra testified that she is working towards two degrees and plans on looking for a seasonal job. Debra has limited employment opportunities without extensive further education, and as the court found her employment history had been "significantly impacted by accompanying Respondent-father on his overseas military assignments." By going to college, Debra is working towards providing for both herself and her daughter by furthering her education.

The court lists six reasons as to why Debra is to receive an award of maintenance. The findings reflect adequate consideration of both the property and Debra's employment. Absent any clear error, we will affirm the District Court's award of maintenance. In re Marriage of D.F.D and D.G.D (1993), 261 Mont. 186, 201, 862 P.2d 368, 377; Eschenbacher , 831 P.2d 1353.

The District Court's findings were substantiated by evidence presented at trial, therefore we affirm the award of maintenance.

<u>B</u>

Appellant also contends the court erred in the division of the marital property. John argues the personal property was equitably divided by the parties at the time of the dissolution. John testified Debra had the opportunity to take from the marriage all the personal property she desired. John further argues the court's error in the division of the property unfairly contributed to the decision to award maintenance.

At trial Debra testified she came back to Montana with a suitcase and some clothes. In addition she received either one or two shipments of property from England. As mentioned before, the parties dispute both the value and the location of most of the items. The court found Debra to be the more credible witness and therefore found her valuations of the property to be the most reasonable. In this case Debra valued items by memory and looking at catalogues. The District Court adoption of her valuations and the subsequent disposition of this property does not reflect an abuse of discretion. See In re Marriage of Luisi (1988), 232 Mont.

6

243, 247, 756 P.2d 456, 459. The court's interpretation of the law was correct.

Therefore we affirm the District Court's findings regarding the disposition of property.

<u>C</u>

John argues the court's adoption of Debra's proposed findings verbatim is error. In support of his argument, John contends that supplemental evidence submitted by counsel on December 12, 1994, is not reflected in the findings of fact and conclusions of law, and therefore the court ignored this evidence. However, just because the court did not include the supplementary evidence in the findings does not mean the evidence was not considered. Rule 52 (a), M.R.Civ.P., states in part that:

> The court may require any party to submit proposed findings of fact and conclusions of law for the court's consideration and the court may adopt such proposed findings or conclusions so long as they are supported by the evidence and the law.

The record shows the findings of fact and conclusions of law submitted by the respondent are supported by the evidence.

Therefore, we affirm the District Court's findings and conclusions.

<u>ISSUE 2</u>

Did the District Court err in denying John Miner's motion for a new trial?

The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. Baxter v. Archie

Cochrane Motors, Inc. (1995), _____ Mont. _____, _____, 895 P.2d 631, 632.

John bases his motions for new trial on § 25-11-102(4), MCA, which reads as follows:

> **Grounds for new trial.** The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
> (1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
> . . .
>
> (4) newly discovered evidence material for the party making the application which he could not, with reasonable diligence, have discovered and produced at the trial;
> . . .
> (6) insufficiency of the evidence to justify the verdict or other decision or that it is against law;
> . . .

On appeal John contends there is newly discovered evidence, insufficiency of evidence, and an irregularity of the proceedings.

The newly discovered evidence John wants to present concerns the custody wishes of the daughter Heather. John alleges that Heather changed her mind concerning her custody preference shortly after spending the evening with her father and his family.

A party moving for a new trial on the basis of newly discovered evidence must show: 1) this evidence came to the party's knowledge since the trial; 2) it was not through want of diligence that the evidence was not discovered earlier; 3) the evidence is so material that it would probably produce a different result upon

8

retrial; 4) the evidence is not merely cumulative; 5) the witness whose evidence is newly discovered has signed an affidavit which supports the application; and 6) the evidence does not tend only to impeach the character or credibility of a witness. Donovan v. Graff (1988), 231 Mont. 456, 458, 753 P.2d 878, 879 (citing Kerrigan v. Kerrigan (1943), 115 Mont. 136, 144-45, 139 P.2d 533, 535).

At trial, the judge in this case had a private discussion with the daughter, at that time the girl expressed a preference to live with her mother. Then after spending time with her father, perhaps Heather changed her mind. However, John has failed to provide the necessary basis to justify a new trial. The record does not contain an affidavit from the daughter in support of this motion, rather the counsel for the father submitted an affidavit. Furthermore, John has failed to show that Heather's change in preference is so substantial as to warrant a different result regarding Heather's custody.

Heather has been in the continuous care of her mother since birth, and made statements at trial to the effect of wanting to continue to live with her mother. Testimony supports a finding that Heather has a good home in Great Falls. This court did not abuse its discretion in denying a new trial based on new evidence.

As for John's argument of insufficient evidence, appellant refers back to his argument concerning the award of maintenance. Since the evidence submitted was sufficient to support an award of maintenance, a new trial was not warranted.

9

Last, John contends there was an irregularity in proceedings. Again he refers back to his argument in regard to maintenance. While the Judge in this matter perhaps spoke prematurely regarding the award of maintenance, this does not provide John with a "manifest abuse of discretion" sufficient to grant a new trial. Furthermore the transcript shows counsel made no objection to the Judge's remarks. Objecting during the trial alerts the trial court that it may be subjecting itself to an appeal. See Gee v. Egbert (1984), 209 Mont. 1, 19, 679 P.2d 1194, 1203. We therefore affirm the District Court denial of the appellant's motion for a new trial.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices