**NO.** 95-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

MARGARET HORN, f/k/a
MARGARET GREEN,

      Plaintiff and Respondent,

  and

JIMMY LEE GREEN,

      Defendant and Appellant.

FILED

MAR 14 1996

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Jimmy L. Green, Pro Se, Colorado Springs,
Colorado

     For Respondent:

         Kathleen H. Richardson, Attorney at Law,
Havre, Montana

Submitted on Briefs:  February 22, 1996

Decided: March 14, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Company.

Jimmy Lee Green, pro se, appeals from the June 29, 1995, Findings of Fact, Conclusions of Law and Judgment of the Twelfth Judicial District Court, Hill County, entered in Hill County cause numbers DV-92-088 and DR-84-212, obligating him to pay a promissory note and interest, medical and dental expenses, the face value of undelivered savings bonds, as well as attorney's fees and costs. We affirm and remand for recalculation of the amount due on the promissory note.

The following issues are raised on appeal:

1.    Does the statute of limitations or the doctrine of laches operate to bar Margaret's claims?

2.    Did the District Court err in determining that Jimmy was obligated to pay the promissory note, interest, and attorney's fees, as well as amounts due under the modified 1986 decree?

Margaret Green [Horn] (Margaret) and Jimmy Lee Green (Jimmy) were married in 1972 and their marriage was dissolved in July of 1984. Two children were born of the marriage. At the time of the dissolution, Jimmy and Margaret executed a settlement agreement, the provisions of which are now at issue. In the agreement, Jimmy agreed to "maintain health insurance for the benefit of the minor children" and to "pay any uninsured medical, dental and optical

expenses incurred on behalf of the parties' minor children." Further, the agreement provided that Jimmy would continue to purchase two $75 United States Savings Bonds each month, one in the name of each minor child, to be held by Margaret. In 1986, Jimmy moved to modify and reduce his child support obligation. In the modification, Jimmy was relieved of his obligation to purchase the bonds. The court did not, however, relieve Jimmy from his obligation to deliver the children's bonds he was to have purchased and delivered prior to the modification. In fact, the court held Jimmy in contempt for failing to deliver the bonds.

The 1984 settlement agreement also required Jimmy to execute a promissory note to Margaret in the amount of $2,850, with interest at 10%, payable in equal monthly installments of $144.68, to be paid in full by July 1, 1987. The settlement agreement also provided that "should any action be commenced to enforce, modify or interpret any provision contained herein, the court, as a cost of suit, shall award a reasonable attorney's fee to the successful party." Jimmy appeals from the District Court's determination that he remains liable for these obligations.

1. Does the statute of limitations or the doctrine of laches operate to bar Margaret's claims?

Margaret asserts that Jimmy did not raise the statute of limitations or the doctrine of laches at the District Court and that issues not raised below are not considered on appeal. In re Paternity of Adam (Mont. 1995), 903 P.2d 207, 211, 52 St.Rep. 1026, 1029. Further, she argues that the statute of limitations must be pled affirmatively or it is deemed waived. Rule 8(c), M.R.Civ.P.

3

Although we agree that Jimmy's defenses are deemed waived by his failure to raise them at the District Court, for Jimmy's benefit we briefly consider his argument.

Jimmy asserts that Margaret waited too long to pursue her claims against him. Jimmy argues that § 27-2-202, MCA, which provides an eight-year statute of limitations for obligations founded on written instruments, has run as to the promissory note. Jimmy further asserts that Margaret waited too long to argue that she has not received the bonds. We note that the statute of limitations on the 1986 modification, which covers the bonds, is ten years and will not run until September 8, 1996. Section 27-2-201(1), MCA. Nonetheless, Margaret argues that she had the complaint served on Jimmy within eight years of 1986 and, in any event, the statute of limitations was tolled by the Soldiers and Sailors Civil Relief Act of 1940 while Jimmy served in the United States Army until July of 1994. 50 U.S.C. § 525; see also In re Schultz (1985), 218 Mont. 148, 149-50, 706 P.2d 135, 136. Thus, even if Jimmy's defenses were not waived, we would have concluded that the complaint was timely filed.

2. Did the District Court err in determining that Jimmy was obligated to pay the promissory note, interest, and attorney's fees, as well as amounts due under the modified 1986 decree?

In reviewing a district court's findings of fact, we determine whether the findings are clearly erroneous. In re Marriage of Brownell (1993), 263 Mont. 78, 81, 865 P.2d 307, 309 (citing In re Marriage of Eschenbacher (1992), 253 Mont. 139, 142, 831 P.2d 1353, 1355). We have adopted a three-part test to determine whether

4

findings are clearly erroneous. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

The test provides that: (1) the Court will determine whether the findings are supported by substantial evidence; (2) if the findings are supported by substantial evidence, the Court will determine if the district court has misapprehended the evidence and; (3) if the findings are supported by substantial evidence and that evidence has not been misapprehended, this Court may still find that a finding is "clearly erroneous when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." DeSaye, 820 P.2d at 1287 (citing United States v. United States Gypsum Co. (1948), 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746).

Jimmy claims that he has already paid Margaret for the United States Savings Bonds. However, after considering the evidence and testimony of the parties, the District Court found that he had not. We will not substitute our judgment for that of the trial court where the issue relates to the weight given to certain evidence or the credibility of the witnesses. Wilson v. Liberty Mut. Fire Ins. Co. (Mont. 1995), 903 P.2d 785, 787, 52 St.Rep. 990, 991 (citing Burns v. Plum Creek Timber Co. (1994), 268 Mont. 82, 84, 885 P.2d 508, 509). The District Court found that Jimmy had "failed to deliver or pay the equivalent value of 18.75 U.S. Savings Bonds." Here, the District Court determined that the obligation remained due and payable despite Jimmy's assertion that he had paid for the

5

bonds. Where there is conflicting evidence in the record, it is within the provence of the trial court to pass on the credibility of witnesses and the sufficiency of the evidence. Wilson, 906 P.2d at 787-88.

The District Court further found that Jimmy had failed to pay the children's medical and dental bills, as was required by the 1984 separation agreement. Therefore, pursuant to the separation agreement, the District Court awarded Margaret her costs and attorney's fees incurred in this suit to collect from Jimmy the amounts owing for the medical and dental bills.

With respect to the promissory note, the District Court noted that "[Jimmy] presented evidence that he borrowed $2,000 in July, 1984, but such evidence is insufficient to establish that the money was paid to [Margaret], and there was no evidence of subsequent payments." Accordingly, the court awarded Margaret $2,850 in principal and $2,970.77 in interest, with interest continuing to accrue at the rate of $.7808 per day. Pursuant to the separation agreement, the court also awarded Margaret attorney's fees of $646.75 and costs of $224.32 incurred in collecting the note.

In making its determination of interest payable, the court calculated the interest due on the original principal amount of $2,850 even though the court also found that Jimmy had made a payment of $144.68 in August of 1985. Thus, the court failed to credit Jimmy with this payment and, therefore, misstated the amount of the principal due on the note. As a result, the amount of interest due was miscalculated. Accordingly, we remand for the

6

proper calculation. In all other respects, the judgment of the District Court is affirmed.

Affirmed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7