No. 05-673

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 287N

IN RE THE MARRIAGE OF
JAMES CHRISTIE,

        Petitioner and Appellant,

   v.

KIMI SUE CHRISTIE,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DR 2003-186,
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Daniel R. Sweeney, Attorney at Law, Butte, Montana

       For Respondent:

           Jeannette Ellen Berry, Montana Legal Services Association,
Helena, Montana

Submitted on Briefs:  July 26, 2006

Decided:  November 8, 2006

Filed:

_____
                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document, its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    James Christie (James) appeals from the Findings of Fact, Conclusions of Law and Decree of Dissolution of his marriage to Kimi Sue Christie (Kimi) entered by the District Court for the Second Judicial District, Silver Bow County.  Specifically, James appeals the District Court's award of maintenance to Kimi in the amount of $550.00 per month.  We affirm.

**Factual and Procedural Background**

¶3    James and Kimi married in July 2002, in Missoula, Montana.  They separated in September 2003, and James filed for divorce on October 16, 2003.  No children were born of the marriage.  The parties did not have any real property jointly held by them and any marital debt was discharged as part of James's bankruptcy.

¶4    During the marriage, James was employed as a pipefitter for a California and Washington based company called Timec.  He earned between $60,000 and $70,000 per year.  Sometime after the parties' separation, James was laid off by Timec because of lack of work.  James took a full-time job with Fisher

2

Communications in Butte where he earned $32,400 per year.

¶5    Kimi had been receiving Supplemental Security Income benefits from the Social Security Administration (SSA) since 1998. Following the marriage, Kimi was disqualified from receiving benefits because of James's income. Kimi was unable to work, and although she had reapplied for benefits from SSA after her separation from James, she had not received a decision by the time of the dissolution hearing. Kimi survived on food stamps, Section 8 housing, some local government programs and loans from friends and family.

¶6    James filed this action in the District Court for the dissolution of the parties' marriage. Kimi filed a response wherein she requested maintenance. During the pendency of the dissolution action, the District Court ordered James to pay the balance owing on a 1988 GMC truck, provide new tires for the truck and transfer that vehicle together with a washer and dryer to Kimi as "temporary maintenance." Thereafter, Kimi sought an award of property in lieu of maintenance both at the mediation and at the final hearing. The parties had already divided any other personal property between them and James introduced an exhibit wherein he purported to list the values of the property retained by each party.

¶7    Following the final hearing, the District Court awarded Kimi maintenance in the amount of $550.00 per month starting February 1, 2004, and ordered that James should continue to pay monthly maintenance to Kimi for an additional twelve months from the date of the court's Findings of Fact, Conclusions of Law

3

and Decree of Dissolution dated September 23, 2005. The court stated in its decree that it did not find the property evaluation provided by James to be reflective of the actual marital values and that it was not convinced that Kimi possessed the personal property enumerated in James's exhibit. The court further stated that although it was unclear as to who acquired certain properties, it appeared that there had been an equitable distribution of property.

## Discussion

¶8 On appeal, James argues that the District Court erred when it awarded maintenance to Kimi without first determining the net worth of the marital estate. James maintains that the amount awarded was not based upon his ability to pay or on Kimi's financial needs. James also argues that, to justify its award of maintenance, the District Court compounded its error by speculating that James would return to his higher paying job at Timec.

¶9 We have previously stated that specific findings of net worth are not mandatory if the findings as a whole are sufficient to determine the equitable nature of the division. *In re Marriage of Hayes*, 2002 MT 281, ¶ 16, 312 Mont. 440, ¶ 16, 60 P.3d 431, ¶ 16 (citing *In re Marriage of Harkin*, 2000 MT 105, ¶ 31, 299 Mont. 298, ¶ 31, 999 P.2d 969, ¶ 31).

¶10 In reviewing an award of maintenance, this Court's role is limited to a determination of whether the District Court's findings are clearly erroneous. *In re Marriage of Hanni*, 2000 MT 59, ¶ 33, 299 Mont. 20, ¶ 33, 997 P.2d 760, ¶ 33 (citing *In re Marriage of Eschenbacher*, 253 Mont. 139, 142, 831 P.2d 1353, 1355

(1992)). The court may award maintenance only if it finds that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Section 40-4-203(1), MCA. In addition, the court must consider the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. Section 40-4-203(2)(f), MCA.

¶11 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was no abuse of discretion by the District Court. The record supports the District Court's conclusion that maintenance is appropriate in this matter because there had been an equitable distribution of property between the parties; because Kimi lacks sufficient property to provide for her reasonable needs; because Kimi is in failing health and does not have the means to become self-sufficient in the near future; and because James is employed, possesses adequate property and has the resources available to him to provide maintenance to Kimi.

¶12 We affirm the judgment of the District Court.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART